UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANA MARADIAGA,**

        **Plaintiff,**

v.                                                     Case No: 6:20-cv-130-RBD-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on *pro se* Plaintiff Diana Maradiaga's appeal of an administrative decision denying her application for Disability Income Benefits ("DIB") alleging June 1, 2016, as the disability onset date. (Tr. 10.) In a decision dated January 29, 2019, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 23.) Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the Commissioner's memorandum, (Doc. 16), Plaintiff's response (Doc. 26), and the Commissioner's reply (Doc. 29). For the reasons stated herein, the undersigned respectfully recommends that the Commissioner's decision be **AFFIRMED**.

**I.  ISSUES ON APPEAL**

Ms. Maradiaga proceeds in this action *pro se*. Therefore, the undersigned construes her brief liberally. *See Ferguson v. Soc. Sec. Admin.*, 721 F. App'x 898, 900 (11th Cir. 2018) (unpublished) (noting that *pro se* briefs are to be read liberally but "a

pro se litigant who offers no substantive argument on an issue in his brief abandons the issue on appeal"). Ms. Maradiaga takes issue with several findings made by the ALJ, ultimately arguing that the ALJ's decision was not supported by substantial evidence. (Doc. 26.) The undersigned addresses each below.

## II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. The ALJ's Decision

In determining that Ms. Maradiaga was not disabled during the relevant period, at step two of the sequential evaluation process,[1] the ALJ found that Ms. Maradiaga had the severe impairments of chronic venous insufficiency, fibromyalgia, obesity, obstructive sleep apnea, bilateral carpal tunnel syndrome, migraines, hypothyroidism, thyroidectomy, diabetes mellitus, and a hypertension disorder. (Tr. 12.) At step three, the ALJ found that Ms. Maradiaga did not have an impairment or combination of

---

[1] The sequential evaluation process is described in the ALJ's decision. (Tr. 11–12.)

impairments that met or medically equaled a listing. (Tr. 13.)

Prior to step four, the ALJ found that Ms. Maradiaga had the RFC to perform light work, "except with standing or walking 2 hours in an 8 hour [sic], with no climbing of ladders, ropes or scaffolds, no exposure to hazards such as machinery or heights, and with frequent but no constant handling and fingering bilaterally." (*Id.*) At step four, the ALJ found that Ms. Maradiaga was capable of performing past relevant work as a telephone solicitor and order clerk, finding that these jobs were not precluded by Plaintiff's RFC. (Tr. 20.) Therefore, the ALJ concluded that Ms. Maradiaga was not disabled. (Tr. 23.)

## IV.  ANALYSIS

### A.  Issue One

Ms. Maradiaga first argues that, at step two, the ALJ failed to include several of her impairments that she contends are severe. (Doc. 26 at 2.) Specifically, she argues that the ALJ failed to include the impairments of anxiety, depression, arthritis, knee pain, back pain, numbness in her legs, and tingling in her back. (*Id.*) However, because the ALJ found at least one impairment at step two (and, in fact, found several impairments), that is enough to satisfy Ms. Maradiaga's burden at step two and allow her to proceed to step three. "[T]he finding of any severe impairment, whether or not it results from a single severe impairment or a combination of impairments that together qualify as 'severe,' is enough to satisfy step two." *Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015). In other words, even if the ALJ had included every additional impairment that Ms. Maradiaga identifies as severe, this

would not have changed the ALJ's analysis at step two. Ms. Maradiaga met her burden at step two, which required the ALJ to proceed to step three, which the ALJ did. *See Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951–52 (11th Cir. 2014). Therefore, the undersigned recommends that the Court find that there is no error in this regard.

### B.   Issue Two

Next, Ms. Maradiaga explains that she needs to get help with all household chores, including doing her laundry and preparing meals, which the undersigned construes as an argument that the ALJ did not fully and adequately consider her testimony in fashioning the RFC. (Doc. 26 at 2.)

When a claimant like Ms. Maradiaga alleges disabling subjective symptoms, the ALJ must determine whether the claimant has a condition that one could reasonably expect to cause the alleged symptoms. *See* 20 C.F.R. § 404.1529(c)(1). If the ALJ determines the claimant has such a condition, the ALJ must then evaluate the intensity and persistence of the alleged symptoms and determine how they limit the claimant's ability to work. *See id*. During this evaluation, the ALJ will consider the claimant's testimony regarding her symptoms, including any inconsistencies between the testimony and the other evidence. *See id.* § 404.1529(c)(3)–(4). A court "will not disturb a clearly articulated [finding about subjective complaints that is] supported by substantial evidence. . . ." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citations omitted).

Here, the ALJ found that Ms. Maradiaga's severe impairments could be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of the impairments' symptoms were not entirely consistent with the record evidence. (Tr. 19.) The ALJ specifically noted that the level of pain that Ms. Maradiaga alleged (10 out of 10 for back pain and 8 out of 10 for hand pain) was not consistent with her use of only over-the-counter pain medication such as Tylenol and Bengay, or her ability to testify at the hearing before the ALJ without issues. (Tr. 13–14.)

The ALJ noted that Ms. Maradiaga's complaints of pain were also inconsistent with the daily activities she engaged in: Ms. Maradiaga testified at the hearing before the ALJ that she was able to prepare meals, do laundry with assistance, and drive her son to and from school every day. (Tr. 14, 92–93.) So even though Ms. Maradiaga argues that she needs help to accomplish some of her daily tasks, the ALJ determined that she was able to do many of her daily tasks at a level that would not require a more restrictive RFC than the one articulated here. Because the ALJ clearly articulated her reasoning for finding that some of Ms. Maradiaga's complaints were not entirely consistent with the other record evidence, the undersigned recommends that the Court find no error as to this issue.

C. **Issue Three**

Ms. Maradiaga next argues that she cannot do everything that State agency medical physician James Patty, M.D., opined that she can do. (Doc. 26 at 2.) It appears that the ALJ agreed with Ms. Maradiaga, and thus no error has been

identified.

Dr. Patty opined that Ms. Maradiaga could lift or carry 20 pounds occasionally and 10 pounds frequently; sit, stand or walk 6 hours in an 8 hour day; push and pull; and lift and carry. (Tr. 20, 117–126.) Ultimately, the ALJ assigned Dr. Patty's opinion only partial weight. The ALJ determined that in light of the other medical evidence in the record, Ms. Maradiaga required a *more* restrictive RFC than Dr. Patty recommended. Specifically, the ALJ noted Plaintiff's chronic venous insufficiency, large varicosities in her left knee and calf, obesity, and fibromyalgia, and concluded that these issues were consistent with standing or walking only 2 hours (instead of 6 hours) in an 8 hour workday, with additional limitations such as no climbing, no exposure to hazards, and frequent, but not constant, handling and fingering bilaterally. (Tr. 13, 20.) Therefore, the ALJ's treatment of Dr. Patty's opinion is consistent with Ms. Maradiaga's argument that the opinion should be given less weight. Consequently, the undersigned recommends that the Court find no error in this regard.

### D.   Issue Four

Ms. Maradiaga next asserts that the ALJ did not take all her records into consideration. (Doc. 26 at 2.) However, her argument is not specific enough for the undersigned to determine which records are missing. Therefore, I recommend that the Court find that Plaintiff has waived her argument as to this issue on appeal. *See Ferguson*, 721 F. App'x at 900.

Ms. Maradiaga also directs arguments toward the findings made in the denial of her DIB application at the initial and reconsideration levels. (Doc. 26 at 2, 3; Tr.

106–114; 117–126.) However, this Court is tasked with reviewing the ALJ's final decision, not administrative decisions that occurred prior to the ALJ's final decision.

### E. Issue Five

Ms. Maradiaga argues that her RFC was not restrictive enough. (Doc. 26 at 3–4.) She states that she is not able to do all of the tasks contemplated by "light work," even with the additional limitations set forth by the ALJ. (*Id.*) "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Ms. Maradiaga says she cannot lift items of up to 20 pounds and cannot stand for 2 hours in an 8 hour day. (Doc. 26 at 3.) She also argues that the ALJ failed to include restrictions for several of her other ailments. (*Id.*)

A detailed review of the ALJ's opinion demonstrates that the ALJ's RFC in this case was supported by substantial evidence. (Tr. 13–20.) In her opinion, the ALJ reviewed Ms. Maradiaga's medical history from 2012 through 2018, noting her numerous medical issues, including her documented history of diabetes mellitus, fibromyalgia, hypertension, and obesity. (Tr. 20.) However, the ALJ found that these impairments, combined with "unremarkable observable clinical signs of record" were consistent with an RFC of light work with additional limitations. (Tr. 20.) Therefore, the undersigned finds no error in the ALJ's crafting of Plaintiff's RFC.

### F. Issue Six

Finally, Ms. Maradiaga argues that the additional records she submitted to the Appeals Council should have been considered because they are relevant to her case.

(Doc. 26 at 4.) The Appeals Council found that the records Ms. Maradiaga submitted from NSI Neuro Skeletal Imaging, Robert K. Law, D.O., P.A., and Care Spot Urgent Care did not relate to the period at issue for the ALJ's consideration. (Tr. 2.) All of the new records were dated after January 29, 2019, the date on which the ALJ made her decision. (*Id.*)

Generally, a "claimant is allowed to present new evidence at each stage of [the] administrative process." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council "must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.*; *see also* 20 C.F.R. § 404.970(b).

The evidence is new if it is submitted to the Appeals Council after the ALJ's decision. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015). "Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing *Washington*, 806 F.3d at 1321). "New evidence is chronologically relevant if it 'relates to the period on or before the date of the [ALJ's] hearing decision.'" *Id.* (quoting 20 C.F.R. § 404.970(b)).

Ms. Maradiaga's additional evidence consisted of an MRI of the lumbar spine and x-rays of the right and left knees from NSI Neuro Skeletal Imaging in July 2019. (Tr. 45–48.) She also submitted an RFC assessment from Dr. Law, dated March 2019. (Tr. 50–57.) Finally, Ms. Maradiaga submitted records from Care Spot Urgent Care

- 8 -

for a visit for right knee pain and swelling. (Tr. 62–63.)

A review of these records indicates that they were not chronologically relevant to the timeframe under consideration by the ALJ to determine whether Plaintiff was disabled. The examinations came *after* the ALJ's hearing decision, and there is nothing in any of the medical records to indicate that they somehow related to the relevant timeframe under consideration. *See Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (finding records not chronologically relevant where records included diagnoses made outside the relevant time period). Therefore, these records would not have affected the ALJ's decision as to whether Plaintiff was disabled *prior to* January 29, 2019.

The undersigned recommends that the Court find that the Appeals Council did not commit error by failing to consider the new evidence Ms. Maradiaga submitted, because it was not chronologically relevant to her period of disability.

## V.     RECOMMEDATION

The undersigned is mindful of how frustrating Ms. Maradiaga has found the denial of her application for disability benefits despite what she perceives as an inability to work. However, as noted previously, this Court's role is limited. It "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). On the record before the Court, the undersigned finds that the Commissioner's decision is supported by substantial evidence and based on proper legal standards.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be **DIRECTED** to enter judgment accordingly and close the file.

## NOTICE TO PARTIES

**A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions**. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 9, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party